```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAREN HANSON, et al.          :       CIVIL ACTION
                              :
          v.                  :
                              :
ANAND THAKUR, M.D., et al.    :       NO. 07-4992
```

<u>MEMORANDUM</u>

Bartle, C.J.                                      February 20, 2008

Plaintiffs bring this diversity action against defendant Anand Thakur, M.D. for medical battery, medical negligence, and loss of consortium. They also seek to hold defendants Associates in Anesthesia, Inc. and Keystone Kidney Associates, Inc. vicariously liable for Dr. Thakur's actions.

The two corporate defendants, in separate motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contend that plaintiffs' claims against them fail because plaintiffs did not fully comply with the requirements of Rule 1042.3 of the Pennsylvania Rules of Civil Procedure. This rule mandates the filing of a Certificate of Merit "as to each licensed professional against whom a claim is asserted" where the action is "based upon an allegation that a licensed professional deviated from an acceptable professional standard." Pa. R. Civ. P. 1042.3. While plaintiffs filed the requisite Certificate of Merit as to Dr. Thakur, plaintiffs admittedly did not do so with respect to the corporate defendants.

>Rule 1042.3 states:
>
>(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff ... shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>
>(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
>(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
>(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

We agree with other Federal courts in this district that the Certificate of Merit requirement is a substantive rule for _Erie_ purposes, see, e.g., Rodriguez v. Smith, No. Civ.A. 03-3675, 2005 WL 1484591, at *7 (E.D. Pa. June 21, 2005).  Pennsylvania courts have repeatedly held that Rule 1042 requires entry of judgment non pros against a plaintiff if more than sixty days have passed after the filing of the complaint without the filing of a

Certificate of Merit.  See, e.g., Womer v. Hilliker, 908 A.2d 269 (Pa. 2005).¹

It is significant to note that the requirement of a Certificate of Merit is limited in scope.  It applies only to claims where a licensed professional deviates from an acceptable medical standard and not to other types of claims against such a professional.  See, e.g., Keybank Nat'l Ass'n v. Reidbord, No. Civ.A. 05-144, 2005 WL 3184781, at *9 (W.D. Pa. Nov. 29, 2005) (citations omitted).  In this case, plaintiffs assert claims against the corporate defendants based on vicarious liability for the medical negligence of Dr. Thakur.  With respect to those claims, plaintiffs were required to file Certificates of Merit within sixty days of filing their complaint.  As noted above, it is undisputed that plaintiffs failed to do so.

That, however, does not end our analysis.  Plaintiffs allege not only medical negligence but also medical battery against the corporate defendants.  Plaintiffs maintain that these defendants are vicariously liable for the failure of Dr. Thakur to obtain the consent of plaintiff Karen Hanson for a touching which occurred when he applied a blood pressure monitor to her right arm during surgery.  Unlike a claim for medical negligence,

---

1.  We note that under Pennsylvania law, a judgment non pros entered pursuant to Rule 1042.3 is not equivalent to dismissal with prejudice.  A plaintiff can seek to lift the judgment under Rule 3051, or can simply re-file if the appropriate statute of limitations has not expired.  See Scaramuzza v. Sciolla, 345 F. Supp. 2d 508, 511 n.6 (E.D. Pa. 2004) (citing Moore v. Luchsinger, 862 A.2d 631, 634 n.3 (Pa. Super. 2004)).

there is no requirement that a Certificate of Merit be obtained for a medical battery claim.  See Montgomery v. Bazaz-Sehgal, 742 A.2d 1125, 1130-31 (Pa. Super. Ct. 1999).  Medical battery is an intentional tort based on an unlawful touching which happens to occur during a medical procedure.  If the patient has not given informed consent to a particular touching before the surgery, the touching will constitute a technical battery due to the patient's lack of consciousness and inability to object during the procedure itself, regardless of whether the physician deviated from an acceptable professional standard.  See Morgan v. MacPhail, 550 Pa. 202, 207 (Pa. 1997) (citing Gray v. Grunnagle, 423 Pa. 144, 155 (Pa. 1966)).

     Accordingly, we will grant the motions of defendants Associates in Anesthesia, Inc. and Keystone Kidney Associates, Inc. to dismiss without prejudice plaintiffs' claims against them in Counts III and IV of the complaint insofar as those claims are predicated upon medical negligence.  The motions will otherwise be denied.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAREN HANSON, et al.          :        CIVIL ACTION
                              :
          v.                  :
                              :
ANAND THAKUR, M.D., et al.    :        NO. 07-4992
```

ORDER

      AND NOW, this 20th day of February, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

      (1)  the January 25, 2008 motion of defendant Associates in Anesthesia, Inc. to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is GRANTED in part and DENIED in part;

      (2)  the February 5, 2008 motion of defendant Keystone Kidney Associates, Inc. to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is GRANTED in part and DENIED in part;

      (3)  Counts III and IV of plaintiffs' complaint are DISMISSED without prejudice against defendants Associates in Anesthesia, Inc. and Keystone Kidney Associates, Inc., respectively, to the extent that those claims are predicated upon medical negligence; and

      (4)  the motions to dismiss are otherwise DENIED.

                                BY THE COURT:

                                /s/ Harvey Bartle III
                                                  C.J.